UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 16-1416 DSF (MRWx) | Date | 4/26/16 |
| Title | Leonard Reyes v. Hanson Aggregates LLC, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order DENYING Motion to Remand (Dkt. No. 10)

This case was removed from state court based on diversity jurisdiction despite the fact that Defendant Michael Rogers is not diverse from Plaintiff. Defendants argue that removal is nonetheless proper because Rogers is fraudulently joined. Plaintiff has moved to remand. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for May 2, 2016 is removed from the Court's calendar.

A defendant who is a resident of the forum state is fraudulently joined "'if the plaintiff fails to state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). "The removing party must prove that there is *absolutely no possibility* that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . . ." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) (emphasis added); see also Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393 (5th Cir. 2000) (finding fraudulent joinder where there is "no reasonable basis" for liability); Goularte v. Abex Corp., No. C 97-1265 FMS, 1997 U.S. Dist. LEXIS 7611, at *4 (N.D. Cal. May 28, 1997) ("[T]he removing defendant has the heavy burden of showing that there is no possibility that the plaintiff will be able to establish a cause of action against the nonremoving defendant.") "In evaluating fraudulent joinder claims, [the court] must initially resolve all disputed questions of fact and all ambiguities in the controlling state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

law in favor of the non-removing party . . . . [and] then . . . determine whether that party has any possibility of recovery against the party whose joinder is questioned." Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992). The court must "not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so." Id.

Plaintiff has failed to state a claim against Rogers and the failure is obvious according to the settled law of California. The only claim against Rogers is for intentional infliction of emotional distress (IIED). Rogers is alleged to have ignored or was hostile to Plaintiff's workplace injuries and requests for accommodation, to have given Plaintiff work assignments that he could not perform, and to have had a "plan" to get rid of older and disabled employees. This all culminated in Plaintiff's termination for insubordination. An individual supervisor cannot be held personally liable for violation of the California Fair Employment and Housing Act. Reno v. Baird, 18 Cal. 4th 640, 643 (1998). Nor can one be held liable for the same conduct through another type of claim, such as the common law action of termination in violation of public policy. Id. at 663-64 ("It would be absurd to forbid a plaintiff to sue a supervisor under the FEHA, then allow essentially the same action under a different rubric."). The IIED claim against Rogers is entirely based on conduct that allegedly violates FEHA and is a barred by Reno v. Baird.

The motion to remand is DENIED.

IT IS SO ORDERED.